## UNITED STATES v. COLUMBUS MARINE CORPORATION.

(District Court, S. D. New York. August 13, 1925.)

**1. Courts ⟜99(1)—District Judge's denial of motion to stay proceedings in action for breach of contract law of case, followed by District Judge before whom action is pending.**

District Judge's decision, denying motion to stay proceedings in action for shipper's breach of affreightment contract until plaintiff complies with arbitration clause therein, is law of case and will be followed by District Judge before whom action is pending.

**2. Shipping ⟜52—Railroad strike no excuse for nonperformance of shipper's obligation to supply cargo, in absence of such provision in contract.**

That railroad strike prevented shipper from supplying cargo is no excuse for nonperformance of contract, in absence of such provision therein.

**3. Shipping ⟜58(2)—Testimony of shipper's agent as to refusal of cargo at higher rate than that of cargo subsequently accepted held not credible.**

In action for shipper's breach of contract by failure to furnish cotton cargo, testimony of defendant's agent that plaintiff refused grain cargo at 22 cents per 100 pounds before accepting cargo of like grain at only 20 cents per 100 pounds *held* not credible, as against denial of such offer by plaintiff's witness.

At Law. Action by the United States against the Columbus Marine Corporation. Judgment for plaintiff.

Emory R. Buckner, U. S. Atty., of New York City (William B. Gray, Jr., Sp. Asst. U. S. Atty., of New Rochelle, N. Y., of counsel), for the United States.

Loomis & Ruebush, of New York City (Homer L. Loomis, of New York City, of counsel), for defendant.

GARVIN, District Judge. This is an action to recover the sum of $1,708.74, with interest thereon from October 20, 1921, alleged to be due the plaintiff from defendant because of a breach of contract by the latter. A jury has been waived. It appears that the parties agreed in writing, the plaintiff to let to defendant, and defendant to take from plaintiff, freight room for 8,500 bales of high-density compressed cotton on board the steamship Schoon, which was due at Galveston, Tex., about October 19, 1921, to go from there to the port of Genoa, Italy. The defendant was to pay therefor 50 cents per 100 pounds.

The issues to be determined by the court are three in number:

[1] First. The defendant urges that the proceedings should be stayed until plaintiff has complied with an arbitration clause in the contract of affreightment. It appears, however, that on February 17, 1925, District Judge Augustus N. Hand heard and denied a motion for a stay upon the ground stated. His decision is the law of the case and will be followed.

[2] Second. It is contended that a railroad strike prevented the defendant from supplying the cargo in question. It does not appear that the contract contains any provision which excuses the defendant from performing because of any strike, and inasmuch as the defendant has undertaken to discharge an obligation without qualification, the fact that a strike occurred presents no excuse for nonperformance.

[3] Third. It is finally insisted that the defendant, being unable to perform, offered plaintiff a cargo of grain at 22 cents per 100 pounds, to take the place of the cotton which it could not deliver, and that plaintiff refused to accept this grain cargo, but received in place thereof another cargo of grain at a rate of 20 cents per 100 pounds, which resulted in a claim for a set-off of $600.

This question must be determined upon the proof offered. Nicolini, who was the agent of defendant at Galveston, testified that he

offered this substitute grain cargo. I cannot credit this testimony offered by defendant. It is utterly unreasonable to suppose that plaintiff's representative would have refused to accept a substitute cargo of grain at a price of 22 cents for each 100 pounds, and taken instead a cargo of like grain at a price of 20 cents per 100 pounds. Such conduct would be so unnatural as to leave no room for doubt in my mind but that no such conversation occurred as claimed by defendant. The witness Beveridge, testifying in behalf of plaintiff, denied that Nicolini made any such offer of cargo, and I accept his testimony as being true. There is no reason for supposing that he would accept cargo at 20 cents, if he could obtain a cargo at rate 2 cents higher.

I do not understand that defendant questions the items of plaintiff's damage as alleged and proven. Accordingly, being of the opinion that plaintiff has proven the allegations of the complaint, and that the legal questions involved should be decided as I have indicated, there will be a judgment in favor of the plaintiff according to the prayer of the complaint.